This patent began on Fishing Creek, then east 320 poles along Pollock's line to Pollock's corner; thence north to Bryant's; then along Bryant's line 320 poles to the creek. A north course from Pollock's corner intersects Bryant's line, at the distance only of 130 instead of 320 poles from the creek, and at a point 190 poles from Bryant's corner.
The plaintiff's counsel contended that from Pollock's corner to Bryant's described a line from one corner to the other.
The defendant's counsel, on the other hand, insisted that the line described on the patent, being from Pollock's corner north, ought not to be departed from; that the words of the patent were as well satisfied, should the line from Pollock's corner terminate at Bryant's line, as if it terminated at Bryant's corner. He relied upon the case of Bustin v. Hill, relative to the same case, where Judge WILLIAMS had so determined.
Parol evidence has been adduced in this case, tending to prove that there was an old marked line from Pollock's to Bryant's corner; and that some ancient deeds are bounded by it. The first settlers of this country came here at the risk of their lives; induced by the prospect of becoming proprietors of land, and thereby improving their circumstances, they settled in a wilderness then inhabited by savages. They were invited to do so by the Lords Proprietors, (161) who remained at home in security, received the purchase money, and derived a revenue from the lands, even after they were sold. They appointed and continued in office the persons who received entries, made the surveys, and issued the grants; and therefore ought, in justice, to be responsible for their mistakes. The settlers had no share in the appointment, nor were they at all instrumental in the mistakes that occurred. If these officers injured the Lords Proprietors, they appointed them and must bear the consequences; if a purchaser is likely *Page 145 
to be injured by their mistakes, these ought to be rectified, and the mischief prevented.
The case cited adverts to several others, where this has been done by juries upon trials in ejectment, upon proper evidence of the mistake; and if these cases were law when decided, they continue to be so at this day. If, therefore, the jury are satisfied that the line really intended was from one corner to the other, I am of opinion they ought to find for the plaintiff, notwithstanding it is described in the patent as a line running north from Pollock's corner.
Verdict for the plaintiff.
NOTE. — See Bradford v. Hill, 2 N.C. 22, and the note thereto, and also Person v. Roundtree, ante, 69, and the note thereto.
Cited: Cherry v. Slade, 7 N.C. 87; Bowen v. Gaylord, 122 N.C. 820.